UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDDIE LEE WILSON, a/k/a Edward Lee Wilson,

    Petitioner,

vs.                              Case No. 2:08-cv-532-FtM-29SPC

C. DOUGLAS, Warden and FLORIDA ATTORNEY GENERAL,

    Respondents.
_____

## OPINION AND ORDER

Petitioner Eddie Lee Wilson (hereinafter "Petitioner" or "Wilson") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 and supporting Memorandum of Law (Doc. #2, Memorandum) on June 30, 2008.[1] Petitioner challenges his 1987 plea-based conviction (Case No. 87-101CF) entered in the Twentieth Judicial Circuit Court, in Lee County, Florida. Petition at 2. Pursuant to this Court's Order, Respondent filed a Response (Doc. #10, Response) in opposition to the Petition and attached supporting exhibits (Doc. #12, Exhs. 1-13) consisting of portions of Petitioner's post-

---

[1] The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008), abrogated other grounds, Wall v. Kholi, 131 S. Ct. 1278 (2011).

conviction records.[2] Petitioner filed a Reply (Doc. #14, Reply) in opposition to the Response. This matter is ripe for review.

## I.  Procedural History

### A.  Trial Proceedings and Parole Revocation

By an Information dated January 20, 1987, Petitioner was charged with burglary of a structure and grand theft of Singletary's Grocery. Exh. 1. On June 29, 1987, Petitioner, with the assistance of defense counsel, entered a no contest plea to grand theft. Memorandum at 6. As part of the plea negotiations, the State *nolo processed* the burglary of a structure count. Id. Pursuant to Petitioner's no contest plea, the trial court sentenced Petitioner to a suspended 4 1/2 year prison sentence and 5 years probation. Exh. 2.

On October 5, 1987, the State filed a probation violation warrant against Petitioner. Id. Petitioner was appointed counsel for the proceedings. Petition at 13; Memorandum at 6; Response at 7. On February 22, 1988, Petitioner's probation was revoked and he was sentenced to 4 1/2 years in prison. Exh. 2. Petitioner finished serving his sentence for the 1987 plea-based conviction

---

[2]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system. Respondent's exhibits, however, were filed in paper format and not electronically scanned. Therefore, the Court refers to a particular document by the corresponding number of the exhibit (Exh. 1-13) and the bates stamp number for the pinpoint citation.

and subsequent violation of parole on December 20, 1988.  Exh. 3 at 1.

Petitioner neither filed a direct appeal from his 1987 plea-based conviction and sentence, nor his subsequent revocation of probation and sentence.  Petitioner is currently in custody based on an unrelated conviction entered in 1990.[3]

**B.   Rule 3.850 Motion**

On June 29, 2006, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 Motion) raising three grounds for relief from his 1987 conviction.  Petitioner based the first two grounds for relief on newly discovered evidence, which consisted of an affidavit by a fellow inmate who confessed that he was the person who broke into the Singletary's Grocery and stole cigarettes and other items.  The third ground for relief alleged a speedy trial violation.  Exh. 4.  The State filed a brief in response. Exh. 5.  The post-conviction court entered an order denying Petitioner relief.  Exh. 6.

In denying Petitioner's Rule 3.850 Motion, the post-conviction court found that the "newly discovered evidence" did not warrant a hearing because, even in light of the "new evidence," Petitioner could have still been convicted of grand theft.  Id. at 3.  The

---

[3]In 1990, Petitioner was convicted of armed burglary and armed robbery in case number 90-2153-CF.

post-conviction court denied the remaining two grounds as time-barred, emphasizing that Petitioner could not "go behind his plea." Id. at 2-3.

Petitioner appealed the post-conviction court's decision. Exhs. 7, 8. The State filed a notice to the appellate court that it was not going to file a brief in response, unless ordered to do so by the court. Exh. 9. Without briefing from the State, the appellate court *per curiam* affirmed the post-conviction court's order. Exh. 10. The appellate court also denied Petitioner's motion for rehearing. Exhs. 12-13.

### III. Discussion

**A. Federal Evidentiary Hearing**

The Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**B. Substance of Petitioner's Claims**

Petitioner filed the instant Petition alleging that his Due Process rights were denied when the State court failed to allow him to withdraw his 1987 no contest plea because he is "actually innocent." Petition at 5, Memorandum at 2. In support of Petitioner's claim of actual innocence, Petitioner refers the Court to the same "newly discovery evidence" that was submitted to the State post-conviction court.

In Response, Respondent first argues that the Court should deny the Petition because Petitioner's sentence that he seeks to challenge has expired and is no longer cognizable in a § 2254 proceeding. Response at 1, 5-7. Alternatively, Respondent submits that the Petition is time-barred, unless the Court considers the newly discovered evidence presented in Petitioner's Rule 3.850 proceeding adequate under § 2244(d)(1)(D). Id. at 1, 7-11. For the reasons set forth herein, the Court will deny the Petition.

**C. Law Applied to Facts**

In order to challenge the validity of a state court conviction, a petitioner must be in custody based on that challenged conviction when he files the petition. Carafas v. LaVallee, 391 U.S. 234 (1988). Title 28 U.S.C. § 2254(a) provides:

> The Supreme Court, or Justice thereof, a circuit judge, or a district judge shall entertain an application for a writ of habeas corpus in behalf of a person **in custody** pursuant to the judgment of State court only on the ground that he is **in custody** in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  Here, Petitioner is not in custody on his 1987 conviction.  Exh. 3.  Instead, Petitioner is serving a fifty-year sentence on an unrelated conviction entered in 1990.  Id.; Response at 5.  Thus, Petitioner cannot bring a federal habeas petition directed solely at his 1987 conviction.  Lackawanna County District Attn'y v. Coss, 532 U.S. 394, 401-402 (2001); Hubbard v. Haley, 317 F.3d 1245, 1255 (11th Cir. 2003); McCarthy v. United States, 320 F.3d 1230 (11th Cir. 2003).

A petitioner may satisfy the "in custody" requirement when the petition can be construed as asserting a challenge to a subsequent sentence, as enhanced by the allegedly invalid prior conviction.  Lackawanna County, 532 U.S. at 401.  Petitioner submits that the Court should construe his claim to be "that the 1987 Grand Theft is being attacked because it was used to enhance the 1990 Burglary and Robbery Conviction."  Reply at 4.  Even if the Court construed the Petition as attacking Petitioner's 1990 conviction, the Petition does not merit relief.

The only basis that the Petition asserts for challenging the 1990 conviction is the validity of the 1987 conviction used to qualify Petitioner as a habitual felony offender.  Petitioner cannot use the 1990 conviction as a means to challenge his expired 1987 conviction.  The United States Supreme Court has held that relief pursuant to § 2254 is generally not available when a prisoner challenges a current sentence on an allegedly

unconstitutional prior conviction for which the petitioner is no longer in custody:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County, 532 U.S. at 396, 403-404 (internal citations omitted). Thus, Petitioner's 1987 conviction is "conclusively valid." Id. at 403.

Petitioner attempts to overcome this hurdle by claiming he has "newly discovered evidence" that establishes his innocence of his 1987 plea-based conviction. The United States Supreme Court recognizes "rare" exceptions to the general preclusion of relief on expired convictions. See generally Lackawanna County, 532 U.S. at 396-406; McCarthy, 320 F.3d at 1232-1233 (referencing these "rare exceptions" in a § 2255 case). These rare exceptions include: (1) when there has been a violation of the right to counsel set forth in Gideon v. Wainwright, 372 U.S. 335 (1963), Lackawanna County, 532 U.S. at 404; (2) when no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of defendant, id. at 405; and, (3) when a defendant obtains compelling evidence that he is actually innocent of the

crime for which he was convicted, and which he could have not uncovered in a timely manner, id. at 405 (citing Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963); 28 U.S.C. 2244(b)(2)(B)(1994 ed., Supp. V)(allowing a second or successive habeas corpus application if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and . . . the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitution error, no reasonable fact finder would have found the applicant guilty of the underlying offense.").

Petitioner claims that during his incarceration, he met inmate, Kevin Swanson, who admitted to burglarizing Singletary's Grocery. Inmate Swanson further admitted that he hid the stolen merchandise in a wooded area nearby and returned later to find the items missing. Memorandum at 1; Exh. 6.

Petitioner raised this claim in his Rule 3.850 Motion seeking relief from his 1987 conviction. The post-conviction court denied Petitioner relief on this claim finding:

> [Petitioner] claims that he should be entitled to withdraw his plea based on newly discovery evidence. [Petitioner] claims that while being incarcerated at Taylor Correctional Institution, he met a fellow prisoner Kevin Swanson. During conversation, Swanson said that he was the person who took the cigarettes and other items from Singletary's Grocery, and hid them in the woods until he could later retrieve them. [Petitioner] attaches Swanson's sworn affidavit, which states that he and Van Malloy robbed the grocery store and hid the merchandise

in a wooded area while they went looking for a car to transport the merchandise. [].

In a supplemental motion, [Petitioner] attaches another affidavit from a Ervin Huston, in which he states that he saw Van Malloy standing on the side of Singletary's Grocery with a lot of cartons of cigarettes and another person, who wasn't Eddie Wilson, but he can't remember the day or month that he saw this. [].

An affidavit which states that someone else committed the crime for which the [Petitioner] has been convicted does not automatically entitle the [Petitioner] to an evidentiary hearing, that determination must be made on a case-by-case basis. Hough v. State, 679 So. 2d 1300 (Fla. 5th DCA 1996). However, in this case an evidentiary hearing is not warranted. [Petitioner] was not convicted of burglary of a structure. He was convicted of grand theft in violation of Fla. Stat. 812.014, which provides that [Petitioner]

> did knowingly obtain or use or endeavored to obtain or use merchandise, for a value of three hundred dollars . . . or more, property of . . . William Singletary, as owner . . . with intent to deprive William Singletary temporarily or permanently of his right to the property or benefit therefrom or to appropriate the merchandise to his own use or to the use of any person not entitled thereto.

[].

Petitioner could still be convicted of grand theft, regardless of who stole the merchandise and left it in the wooded area. Swanson's "confession" does not change the fact that upon finding the merchandise, [Petitioner] elected to take the merchandise knowing that it was not his property. By taking it to his dwelling, [Petitioner] showed that he had the intent to temporarily or permanently deprive the rightful owner of said property and appropriate the merchandise for his own use or the use of others not entitled. Two separate crimes were committed, the burglary by Swanson, and the grand theft by [Petitioner].

Exh. 6. Petitioner appealed the post-conviction court's adverse decision. The appellate court *per curiam* affirmed.

The Court finds Petitioner's contentions do not amount to such a "rare" circumstance to warrant consideration of his expired conviction. The Court finds Petitioner's newly discovered evidence, discovered eighteen years after Petitioner served his sentence, in the form of affidavits from fellow inmates questionable at best and far from compelling. See <u>Herrera v. Collins</u>, 506 U.S. 390, 423 (1993)(O'Connor, J., concurring)(opining that "11th hour" exculpatory affidavits "with no reasonable explanation for the nearly decade-long delay" are "suspect."). Petitioner does not explain why he was unable to timely discovery this evidence. As noted by the post-conviction court, the inmate affidavits only pertain to the burglary charge, which was the charge that the State *nolle prossed*. The newly discovered evidence does not shed any new light on the grand theft charge, the charge to which Petitioner plead no contest. Moreover, Petitioner's knowing, intelligent, and voluntary plea precludes his challenge to the conviction. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>Hudson v. United States</u>, 272 U.S. 451, 455 (1926)(stating that a plea of no contest is like a plea of guilty and is an admission of guilt for purposes of the case).

For the above reasons, Petitioner is barred, as a matter of law, from using § 2254 to mount a collateral attack on his 1987

state court conviction, which was used to enhance his subsequent state court sentence.  Therefore, the Petition is denied, and this case is dismissed.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, ___ U.S. ___, 129 S. Ct. 1481, 1485 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v.

Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___4th___ day of April, 2011.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record